Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| JOSÉ RUIZ VEGA, YARITZA HERNÁNDEZ NIEVES por si y en representación de la clase<br>Recurrido<br><br>v.<br><br>BEST BUY STORES PUERTO RICO LLC; y otros<br>Peticionario | KLCE202300550 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2019CV11920<br><br>Sobre: SENTENCIA DECLARATORIA |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece ante *nos*, Best Buy Puerto Rico, LLC (Best Buy) y nos solicita que revisemos y revoquemos la *Resolución* emitida el 11 de abril de 2023 y notificada el 13 de abril de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción de Desestimación* que presentó Best Buy.

Por los fundamentos que se exponen a continuación, *denegamos* la expedición del auto de *Certiorari*.

## I.

El 15 de noviembre de 2019, José E. Ruiz Vega (Ruiz Vega) y Yaritza Hernández Vega (Hernández Vega) presentaron una *Demanda* en contra de Best Buy y otros. En apretada síntesis, alegaron que Best Buy les cobró el Impuesto sobre Ventas y Uso (IVU) a dos (2) transacciones que realizaron con relación a compras de garantías extendidas. Señalaron que, conforme al Código de Rentas Internas para un Nuevo Puerto Rico, las compras de

garantías extendidas están expresamente excluidas de tributar el IVU.

Así pues, sostuvieron que procedía la certificación del caso como un pleito de clase al amparo de la Ley de Acción de Clase por Consumidores de Bienes y Servicios. Asimismo, los recurridos indicaron que procede que se declare la ilegalidad del cobro del IVU por parte de Best Buy sobre las garantías extendidas pagadas en los artículos adquiridos en cualquiera de las tiendas en Puerto Rico, desde su apertura en febrero de 2008 y consecuentemente, la devolución de dichas sumas. Finalmente, solicitaron el pago de una doble compensación en daños por ser consumidores de bienes y servicios más las costas, gastos y el interés legal, así como el pago de honorarios de abogado.

Así las cosas, el 22 de enero de 2020, Best Buy presentó una *Moción de Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil. En esta, solicitó la desestimación de todas las causas de acción presentadas en su contra, por entender que no están presentes los elementos de la causa de acción por presunto cobro de lo indebido ya que, bajo los hechos y el derecho aplicable, el cobro del IVU impugnado está justificado. Además, sostuvo que no medió enriquecimiento injusto, pues las sumas pagadas se remitieron al Departamento de Hacienda. En la alternativa, Best Buy solicitó la desestimación por ser de aplicación las Reglas 10.2 (1) y 10.2 (6) de Procedimiento Civil, relativas a la falta de jurisdicción sobre la materia y por dejar de acumular una parte indispensable, a saber, Hacienda.

Posteriormente, el 5 de marzo de 2020, los recurridos presentaron una *Oposición a Moción de Desestimación*. En igual fecha, los recurridos presentaron una *Petición de Certificación de Pleito de Clase*.

Luego de varias incidencias procesales, el 11 de abril de 2023, notificada el 13 de abril de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción de Desestimación* que presentó Best Buy. En dicha *Resolución,* el TPI razonó que tomando como ciertas las alegaciones de la *Demanda* no procede la desestimación que solicitó Best Buy. Sostuvo que, independientemente de que Best Buy le llame *Plan de Servicios* al servicio que vende y por el que cobra IVU, lo cierto es que, en esta etapa de los procedimientos y a los efectos de una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, ese *Plan de Servicios* resulta inmensamente similar a los *servicios de garantía* y *servicios de garantía extendida* regulados por el Código de Rentas Internas. Añadió que, de ser así la parte recurrente definitivamente tendría derecho a un remedio en contra de Best Buy.

Asimismo, el TPI señaló en su *Resolución* que tampoco procedía la solicitud de desestimación bajo el argumento de falta de jurisdicción. Indicó que, la Ley de Acción de Clase por Consumidores de Bienes y Servicios faculta a los consumidores de bienes y servicios a instar un pleito de clase a nombre de dichos consumidores por razón de daños y perjuicios, así como acciones de *Injunction* bajo la Regla 57 de Procedimiento Civil. Así pues, expresó que tiene jurisdicción para atender la reclamación. Consecuentemente, el TPI concluyó que Hacienda es parte indispensable y ordenó que fuera unida al pleito.

Insatisfechos con esa determinación, el 15 de mayo de 2023, el peticionario presentó un recurso de *Certiorari* ante ese Tribunal y alegó la comisión de los siguientes errores:

> **Erró el TPI al extender la aplicación de la Acción de Clase por Consumidores de Bienes y Servicios, cuyo propósito es proteger a los consumidores de bienes y servicios, a un pleito que no envuelve el consumo de un bien o servicio, sino el cobro de una contribución (el IVU) a nombre del gobierno, y del cual el negocio que lo cobra no deriva ganancia o**

**beneficio alguno, pues lo remite completamente al gobierno.**

**Erró el TPI al no desestimar una demanda por alegado cobro de lo indebido contra una parte que recibe el impuesto a nombre del Estado y contra quien no se alega que se enriqueció injustamente al llevar a cabo el trámite a favor del Estado al entender que tiene un mandato legislativo.**

**Erró el TPI al asumir jurisdicción en una demanda de sentencia declaratoria, injunction permanente y cobro de indebido que pretende desplazar indebidamente las disposiciones del Código de Rentas Internas sobre reintegro, que es el remedio legislado.**

**Erró el TPI al extender la aplicación del Código de Seguros a una parte que no está cubierta por sus disposiciones.**

Examinado el recurso de *Certiorari*, este Tribunal emitió una *Resolución* el 13 de junio de 2023, concediéndole hasta el 28 de junio de 2023 a la parte recurrida para que expresara su posición al recurso. El 22 de junio de 2023, la parte recurrida presentó su *Oposición a Expedición de Certiorari*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la

denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales,

los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Examinado el recurso de *certiorari* de epígrafe, a la luz de la *Resolución* recurrida, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

Al examinar el trámite procesal del caso y la *Moción de Desestimación* que presentó Best Buy ante la consideración del TPI,

no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

En este caso, el TPI evaluó la *Moción de Desestimación* que presentó Best Buy, así como los demás escritos presentados por las partes, y declaró *No Ha Lugar* la solicitud de los peticionarios. Sin embargo, ordenó que se acumulara al Departamento de Hacienda por entender que es una parte indispensable. Con tal proceder, el foro primario actuó dentro de su discreción y conforme a derecho.

En conclusión, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo. La *Resolución* que se pretende revisar fue dictada por un tribunal con jurisdicción y no amerita nuestra revisión inmediata. La etapa del procedimiento en que se presenta el caso no es la más propicia para su consideración.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* solicitado. Devolvemos el asunto al foro de origen para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones